1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

DONALD CATHEY,

12          Plaintiff,

13      v.

14  THE COMMISSIONER OF SOCIAL
    SECURITY,
15

16          Defendant.

Case No.  1:10-cv-1562-BAM

ORDER GRANTING ATTORNEY'S FEES

(Doc. 25)

17

18  **I.      INTRODUCTION**

19

20      Plaintiff's counsel, Sengthiene Bosavanh, Esq., filed a Motion for Attorney's Fees

21  pursuant to 42 U.S.C. § 406(b).[1] (Doc. 22.)   Donald Cathey ("Plaintiff") and the Commissioner

22  of Social Security ("Defendant") were served with the motion.  (Doc. 25-1, pg.1). The motion

23  advised Plaintiff that any objections must be filed with the Court within fourteen days. (Doc. 25,

24  pg. 2).  In keeping with the role resembling that of a trustee for Plaintiff, the Commissioner filed

25  a response to Ms. Bosavanh's motion.  (Doc. 28).  *See generally, Gisbrecht* v. Barnhart, 535 U.S.

26

27

28  _____

[1] The parties have consented to Magistrate Judge jurisdiction.  (*See*, Docs. 11 and 29).

1

1  789, 798 n. 6 (2002).  Plaintiff did not file any objections.  For the reasons set forth below, the

2  Motion for Attorney's Fees is GRANTED.

## II.    BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative

decision denying his claim for disability benefits under the Social Security Act. (Doc. 1.)  On

June 5, 2012, the court entered a judgment against the defendant and remanded the case for

further proceedings.  (Doc. 21).  Subsequently, Plaintiff's counsel was awarded attorney's fees

under the Equal Access to Justice Act ("EAJA") in the amount of $6,742.53. (Doc. 24.)  Ms.

Bosavanh now seeks an award of attorney fees in the amount of $8,657.00 pursuant to 42 U.S.C.

§ 406(b).  In support of the motion, Ms. Bosavanh filed evidence indicating that Plaintiff was

awarded $34,826.00 in retroactive disability benefits. (Doc. 25-2, pg. 1).  She is seeking 25% of

the retroactive benefits awarded for attorney's fees.

## III.    DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in

which they have successfully represented social security claimants.  Section 406(b) provides the

following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an
> attorney, the court may determine and allow as part of its judgment
> a reasonable fee for such representation, *not in excess of 25 percent*
> *of the total of the past-due benefits to which the claimant is entitled*
> *by reason of such judgment,* and the Commissioner of Social
> Security may ... certify the amount of such fee for payment to such
> attorney out of, and not in addition to, the amount of such past-due
> benefits ....

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting

provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits

awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142,

2

1147 (9th Cir.2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 789, 802).  However, the

Commissioner has standing to challenge the award, despite the fact that the Section 406(b)

attorney's fee award is not paid by the government. *Craig v. Sec 'y Dep't of Health & Human*

*Servs.*, 864 F.2d 324, 328 (4th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at

807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent

claimants while ensuring that the usually meager disability benefits received are not greatly

depleted. *Cotter v. Bowen,* 879 F.2d 359, 365 (8th Cir.1989), *abrogated on other grounds in*

*Gisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts

are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09

(Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead,

Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements).

"Within the 25 percent boundary ... the attorney for the successful claimant must show that the

fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d *at*

*1148* (holding that Section 406(b) "does not specify how courts should determine whether a

requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due

benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under §

406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' ... 'looking

first to the contingent-fee agreement, then testing it for reasonableness.' " *Crawford*, 586 F.3d at

1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified

several factors that may be considered in determining whether a fee award under a contingent-fee

agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the

representation; (2) the results achieved by the representative; (3) whether the attorney engaged in

1    dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the

2    benefits are large in comparison to the amount of time counsel spent on the case; and (5) the

3    attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent

4

5    cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807–08).

6         Here, Plaintiff and counsel have entered into an agreement that provides for attorney's

7    fees in the amount of 25% of the past-due benefits.  (Doc. 25-3, pg.1).  The Court has considered

8    counsel's representation of Plaintiff and the results achieved by counsel.  There is no indication

9    that a reduction of the award is warranted due to any substandard performance by counsel in this

10   matter.  Counsel is an experienced attorney who secured a successful result for Plaintiff.  There

11   is also no evidence that Ms. Bosavanh engaged in any dilatory conduct resulting in excessive

12

13   delay.  Thus, the $8,657.00 represents 25% of the past-due benefits paid to Plaintiff and is not

14   excessive in relation to the past-due award. *See generally Deardon v. the Comm'n of Soc. Sec.,*

15   No. 1:12-cv-120-BAM, 2014 WL 6612036, at *2 (E.D. Cal., Nov. 20, 2014) (granting attorney's

16   fees pursuant to Section 406(b) in the amount of $16,474.00)*; Taylor v. Astrue*, No. 1:06–cv–

17   00957–SMS, 2011 WL 836740, at *2 (E.D. Cal., Mar.4, 2011) (granting petition for an award of

18   attorney's fees pursuant to Section 406(b) in the amount of $20,960.00); *Jamieson v. Astrue*, No.

19   1:09–cv–00490–LJO–DLB, 2011 WL 587096, at *2 (E.D. Cal., Feb.9, 2011) (recommending an

20   award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00).  In making this

21   determination, the Court recognizes the contingent-fee nature of this case and counsel's

22   assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*,

23   262 F.Supp.2d 1033, 1037 (N.D.Cal.2003) ("Because attorneys like Mr. Sackett contend with a

24   substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases

25   does not provide a basis for this court to lower the fee to avoid a windfall.").

26

27

28

4

An award of Section 406(b) fees, however, must be offset by any prior award of

attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht,* 535 U.S. at 796.  Here,

Plaintiff's counsel has already been awarded EAJA fees in the amount of $6,742.53.00.

Therefore, any Section 406(b) fees awarded must be off-set by $6,742.53.00, and refunded to

Plaintiff.

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the fees sought by Ms. Bosavanh pursuant to Section 406(b)

are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1. The Motion for Attorney's Fees pursuant to Section 406(b) in the amount of $8,657.00

is GRANTED;

2. Plaintiff's counsel is ordered to refund $6,742.53 of the Section 406(b) fees awarded to

Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d); and

3. The Clerk of the Court is directed to serve this order on Plaintiff, Donald Cathey at 440

E. Lincoln Ave., Fresno, California 93706.

IT IS SO ORDERED.

Dated:    **June 10, 2015**                      /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE

5